FRANK J. HOLLER *v.* BUCKLEY BROADCASTING CORPORATION ET AL.
(AC 16890)

Landau, Schaller and Hennessy, Js.

Argued December 4, 1997—officially released February 24, 1998

*Carolyn E. Augur*, with whom, on the brief, was *Stephen P. Bertucio*, for the appellant (plaintiff).

*Steven L. Seligman*, with whom was *Cynthia M. Barlow*, for the appellees (defendants).

*Opinion*

HENNESSY, J. The plaintiff, Frank J. Holler, appeals from the judgment of the trial court in favor of the defendants, Buckley Broadcasting Corporation, Wayne Mulligan and Wayne Griscom,[1] following the granting of the defendants' motion to strike.[2] On appeal, the plaintiff claims that the trial court improperly concluded that (1) the complaint failed to allege sufficient facts to support a claim of tortious interference with business relations and (2) General Statutes § 52-570d does not apply to the rerecording of an illegally taped telephone conversation. We affirm the judgment of the trial court.

The plaintiff filed a seven count complaint against the defendants Buckley Broadcasting Corporation, Laura Barre and Griscom, known on his radio program as

---

[1] Laura Barre was also named as a defendant in the complaint. The count against her was withdrawn and therefore is not considered in this appeal.

[2] The plaintiff's amended complaint contained seven counts: (1) wrongful termination; (2) negligent infliction of emotional distress; (3) intentional infliction of emotional distress as against Mulligan; (4) violation of General Statutes § 52-570d as against Laura Barre;(5) tortious interference with contract rights as against Griscom; (6) civil conspiracy as against Barre and Griscom, and (7) violation of § 52-570d as against Griscom.

The trial court granted the defendants' motion to strike counts one, two, three, five, six and seven. We note that plaintiff's counsel did not oppose the striking of counts three and six. By agreement of the parties, judgment entered for the defendants on those counts following the court's ruling. The fourth count was subsequently withdrawn by the plaintiff.

Jerry Kristafer, which alleged the following facts. The plaintiff's employment was terminated after he revealed over the telephone to Barre, his then girlfriend, that the radio station had asked him to terminate Kristafer. That information was surreptitiously recorded by Barre, who passed it along to Kristafer. Kristafer confronted Mulligan, the station manager, and Richard D. Buckley, the president and principal owner of Buckley Broadcasting Corporation, with this information and played the taped conversation for them. On January 23, 1996, Mulligan terminated Holler's employment on the ground that Holler had breached the radio station's confidentiality agreement when he revealed a confidential employment decision to Barre.

The trial court concluded that the plaintiff's allegations failed to support a cause of action against Kristafer for tortious interference with a business relationship. Additionally, the trial court concluded that Kristafer's actions did not violate § 52-570d[3] and, therefore, the seventh count failed to state a cause of action. This appeal followed.

I

The fifth count of the complaint alleged tortious interference with a business relationship against Kristafer.

___

[3] General Statutes § 52-570d provides in relevant part: "(a) No person shall use any instrument, device or equipment to record an oral private telephonic communication unless the use of such instrument, device or equipment (1) is preceded by consent of all parties to the communication and such prior consent either is obtained in writing or is part of, and obtained at the start of, the recording, or (2) is preceded by verbal notification which is recorded at the beginning and is part of the communication by the recording party, or (3) is accompanied by an automatic tone warning device which automatically produces a distinct signal that is repeated at intervals of approximately fifteen seconds during the communication while such instrument, device or equipment is in use. . . .

"(c) Any person aggrieved by a violation of subsection (a) of this section may bring a civil action in the Superior Court to recover damages, together with costs and a reasonable attorney's fee."

The trial court determined that the plaintiff had not alleged sufficient facts to support the element of intentional interference and ordered the count stricken. The plaintiff claims that the trial court improperly found that the complaint did not contain a sufficient cause of action for tortious interference. We disagree.

Certain additional facts are necessary to our resolution of this claim. The complaint alleged in relevant part:

"22. At all relevant times, plaintiff had an employment relationship with the defendant Buckley Broadcasting Corporation.

"23. Defendant Jerry Kristafer interfered with plaintiff's employment with defendant Buckley Broadcasting Corporation in that he contacted defendant's president and station general manager and informed them that plaintiff had breached station confidentiality and played for them the illegally taped telephone conversation.

"24. Defendant Jerry Kristafer intentionally interfered with plaintiff's employment relationship with defendant in an effort to discredit plaintiff in the eyes of station management, get him fired and save his own job.

"25. As a result of defendant Jerry Kristafer's actions, defendant Buckley Broadcasting Corporation terminated plaintiff's employment and plaintiff suffered lost wages and money damages."

" 'In an appeal from a judgment following the granting of a motion to strike, we must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency. *Sassone* v. *Lepore*, 226 Conn. 773, 780, 629 A.2d 357 (1993); *Michaud* v. *Wawruck*, 209 Conn. 407, 408, 551 A.2d 738 (1988).' *Waters* v. *Autuori*, 236 Conn. 820, 822, 676 A.2d 357 (1996). . . . A determination regarding the legal sufficiency of a claim is, therefore, a conclusion of law, not a finding

of fact. Accordingly, our review is plenary. *Napoletano* v. *CIGNA Healthcare of Connecticut, Inc.*, 238 Conn. 216, 232, 680 A.2d 127 (1996), cert. denied, 520 U.S. 1103, 117 S. Ct. 1106, 137 L. Ed. 2d 308 (1997)." *Parsons* v. *United Technologies Corp.*, 243 Conn. 66, 68, 700 A.2d 655 (1997).

"Practice Book § 131 requires a plaintiff to plead only the facts constituting his or her cause of action. A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. . . . *Mingachos* v. *CBS, Inc.*, 196 Conn. 91, 108, 491 A.2d 368 (1985). The allegations of a complaint subject to a motion to strike are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support . . . a cause of action, the motion to strike must fail. Id., 108–109." (Internal quotation marks omitted.) *Faulkner* v. *United Technologies Corp.*, 240 Conn. 576, 588, 693 A.2d 293 (1997). "Moreover, we note that [w]hat is necessarily implied [in an allegation] need not be expressly alleged. *Clohessy* v. *Bachelor*, 237 Conn. 31, 33 n.4, 675 A.2d 852 (1996)." *Knight* v. *F. L. Roberts & Co.*, 241 Conn. 466, 470–71, 696 A.2d 1249 (1997).

"Connecticut has long recognized a cause of action for tortious interference with business relations. See *Blake* v. *Levy*, 191 Conn. 257, 464 A.2d 52 (1983); *Herman* v. *Endriss*, 187 Conn. 374, 446 A.2d 9 (1982); *Skene* v. *Carayanis*, 103 Conn. 708, 131 A. 497 (1926); *Bulkley* v. *Storer*, 2 Day (Conn.) 531 (1807). The necessary elements of a cause of action in tortious interference with business relations are the existence of a business relationship, an intentional and improper interference with that relationship and a resulting loss of benefits of the relationship. *Blake* v. *Levy*, supra, 262." *Conrad* v. *Erickson*, 41 Conn. App. 243, 245–46, 675 A.2d 906

(1996). " 'A plaintiff states an actionable cause [for tortious interference with a contract] by alleging that the defendant intentionally interfered with a business or contractual relationship of the plaintiff and that the plaintiff, as a result, has suffered an actual loss. . . . *Herman* v. *Endriss*, supra [377]." *DiNapoli* v. *Cooke*, 43 Conn. App. 419, 428, 682 A.2d 603, cert. denied, 239 Conn. 951, 686 A.2d 124 (1996).

"[N]ot every act that disturbs a contract or business expectancy is actionable. *Blake* v. *Levy*, [supra, 191 Conn. 260]. A defendant is guilty of tortious interference if he has engaged in improper conduct. Id., 261; see 4 Restatement (Second), Torts §§ 766, 766B, 767 (1979). *[T]he plaintiff [is required] to plead and prove at least some improper motive or improper means. Kakadelis* v. *DeFabritis*, 191 Conn. 276, 279, 464 A.2d 57 (1983); *Blake* v. *Levy*, supra, 262." (Emphasis added; internal quotation marks omitted.) *Golembeski* v. *Metichewan Grange No. 190*, 20 Conn. App. 699, 702, 569 A.2d 1157, cert. denied, 214 Conn. 809, 573 A.2d 320 (1990).

"We have stated in an analogous situation, '[t]o raise an allegation of wilful conduct, the plaintiff must clearly plead that the [harm] was caused by the wilful or malicious conduct of the defendants.' *Warner* v. *Leslie-Elliott Constructors, Inc.*, 194 Conn. 129, 139, 479 A.2d 231 (1984). Moreover, we cannot look beyond the complaint for facts not alleged. *Cavallo* v. *Derby Savings Bank*, 188 Conn. 281, 285–86, 449 A.2d 986 (1982)." *Robert S. Weiss & Associates, Inc.* v. *Wiederlight*, 208 Conn. 525, 536–37, 546 A.2d 216 (1988).

Viewing the facts well pleaded in the complaint as true and in the light most favorable to sustaining its legal sufficiency, we conclude that the plaintiff did not allege sufficient facts of improper motive or means to support a cause of action for tortious interference with

business relations. Therefore, the trial court properly struck the fifth count of the complaint.

## II

The plaintiff's complaint also alleged that Kristafer violated § 52-570d when he rerecorded the illegally taped telephone conversation between the plaintiff and Barre. That statute provides in relevant part that "[n]o person shall use any instrument, device or equipment to record an oral private telephonic communication unless the use of such instrument, device or equipment (1) is [made with the] consent of all parties to the communication . . . ." General Statutes § 52-570d.

Section 52-570d creates a statutory cause of action that was not available at common law. Therefore, the language of the statute must be strictly construed. See *Munroe* v. *Great American Ins. Co.*, 234 Conn. 182, 187, 661 A.2d 581 (1995); *Lynn* v. *Haybuster Mfg., Inc.*, 226 Conn. 282, 290, 627 A.2d 1288 (1993); *Wethersfield* v. *National Fire Ins. Co.*, 145 Conn. 368, 371, 143 A.2d 454 (1958).

Strictly construed, § 52-570d prohibits the taping of a private telephone conversation, not the rerecording of an illegally taped conversation by a third party. We agree with the trial court's conclusion that § 52-570d was not violated by Kristafer's rerecording of the tape played to him by Barre. Therefore, the trial court properly struck the seventh count of the complaint.

The judgment is affirmed.

In this opinion the other judges concurred.