[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#136)
This case arises out of a contract between the State of Connecticut and White Oak Construction Co. for the demolition of the Baldwin Bridge. The plaintiffs, Oakleaf Marina, Inc. and Scott Masse, President of Oakleaf Marina, Inc., were not parties to the subject contract. The subject contract named the defendant, Parsons, Brinckerhoff, Quade Douglas, Inc. (PBQD), to supervise the demolition, but PBQD was also not a party to the subject contract.
On March 23, 1998, the plaintiffs filed their twelve count Second Revised Complaint (#128). On April 28, 1998, PBQD filed a CT Page 11588 motion to strike (#136) counts seven, eight, nine, ten and eleven. Counts seven, eight and nine are brought by the plaintiff, Scott Masse; counts ten and eleven are brought by the plaintiff, Oak Leaf Marina, Inc.
"A motion to strike challenges the legal sufficiency of a pleading." Westport Bank Trust Co. v. Corcoran. Mallin Aresco, 221 Conn. 490, 495, 605 A.2d 862 (1992). "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." RK Constructors, Inc. v. Fusco Corp.,231 Conn. 381, 383 n. 2, 650 A.2d 153 (1994). "It does not include, however, the legal conclusions or opinions stated in the complaint."Westport Bank Trust Co. v. Corcoran. Mallin Aresco, supra,221 Conn. 495. "In reviewing the granting of a motion to strike, we construe the facts alleged in the complaint in a light most favorable to the pleader." RK Constructors, Inc. v. Fusco Corp.,supra, 231 Conn. 384.
Counts seven and ten are third party beneficiary claims that allege that the parties to the subject contract breached that contract with the knowledge of PBQD, resulting in damage to the plaintiffs. The defendant, PBQD, has moved to strike counts seven and ten on the grounds that these counts fail to allege that the plaintiffs were intended beneficiaries of a contract to which PBQD was a party.
"[A] third party seeking to enforce a contract must allege and prove that the contracting parties intended that the promisor should assume a direct obligation to the third party." Stowe v.Smith, 184 Conn. 194, 196, 441 A.2d 81 (1981). Counts seven and ten are devoid of any allegations that PBQD was a party to the subject contract. Therefore, PBQD could not have intended to assume a direct obligation to either Scott Masse or Oak Leaf Marina, Inc. by way of the subject contract. As a result, counts seven and ten are legally insufficient and are hereby ordered stricken.
Counts eight and eleven allege tortious interference with the contract. The defendant, PBQD, has moved to strike counts eight and eleven, claiming that these counts fail to allege sufficient facts to support this cause of action.
"Connecticut has long recognized a cause of action for tortious interference with business relations . . . The necessary elements of a cause of action in tortious interference with CT Page 11589 business relations are the existence of a business relationship, an intentional and improper interference with that relationship and a resulting loss of benefits of the relationship . . ." Hollerv. Buckley Broadcasting Corp., 47 Conn. App. 764, 768,706 A.2d 1379 (1998). "[T]he plaintiff [is required] to plead and prove atleast some improper motive or improper means." (Alterations in original; emphasis in original.) Id., 769.
Count eight incorporates the allegations of count seven, which states in a conclusory fashion that "[[t]he aforementioned acts negligently and carelessly or willfully or wantonly or intentionally caused the restraint of trade . . ." (Count seven, paragraph 13.) Count eleven contains the identical allegation incorporated from Count ten. Neither count eight nor count eleven add any additional allegation of improper motive or means. Even in their most favorable light, these allegations are mere legal conclusions, unsupported by any facts. As such, these allegations are insufficient to support a cause of action for tortious interference with a contract and are hereby ordered stricken.
The defendant PBQD has also moved to strike counts seven, eight and nine, arguing that the damages claimed by Scott Masse therein are more properly and solely damages to Oak Leaf Marina, Inc.
Counts seven and eight have hereinbefore been ordered stricken. The damages claimed by Oak Leaf Marina, Inc. in counts ten, eleven and twelve are identical to the damages claimed by Scott Masse as President of Oak Leaf Marina, Inc. in counts seven, eight and nine. The later counts lack any allegation of damage personal to Scott Masse, which provides an additional basis for striking counts seven and eight and a basis for striking count nine.
For foregoing reasons, the motion to strike counts seven, eight, nine, ten and eleven is hereby ordered granted.
 It is so ordered
BY THE COURT:
AURIGEMMA, J.