[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs are seven individuals who claim to have been injured in a two-car collision. In the first count, the plaintiffs allege that on January 1, 1996, at about 5:23 P.M. the plaintiff Ana Estrada owned an automobile that was being operated by the plaintiff Juan P. Orta in a northerly direction on Sherman Avenue in New Haven near the intersection with Legion Avenue. At that time and place, an automobile owned by the defendant E-Z Auto Rental, Inc., which had been leased to the defendant Angel Rivera, made a left turn into the path of the plaintiff's vehicle causing a collision. The plaintiffs then allege that the "collision was caused by the carelessness and negligence of theoperator of the defendants' vehicle" in eight enumerated ways. (Emphasis added.) The first count further alleges that the plaintiff Juan P. Orta sustained personal injuries. In subsequent counts, which incorporate the substantive allegations of the first count, the remaining plaintiffs allege that they sustained personal injuries. The remaining count is an uninsured motorist claim against the defendant Travelers Property Casualty Insurance Company.
The defendant Angel Rivera has moved for summary judgment. "The motion is not predicated on a claim that there are no genuine issues of material fact to be litigated." Aetna CasualtySurety Co. v. Jones, 220 Conn. 285, 293, 596 A.2d 414 (1991). Instead, the motion is based on the ground that "[t]here is no genuine issue of material fact that there is no legal theory upon which the Defendant, Angel Rivera, can be held liable to the Plaintiffs for their alleged injuries." The substance of the motion, therefore, is more accurately described as a motion to strike. Id. The legal sufficiently of a complaint may be challenged after the pleadings have been closed by filing a motion for summary judgment. See Boucher Agency, Inc. v. Zimmer,160 Conn. 404, 409, 279 A.2d 540 (1971).[1] "Although the Appellate Court in Burke v. Avitabile, 32 Conn. App. 765, 772,772 n. 9, 630 A.2d 624, cert. denied, 228 Conn. 908, 634 A.2d 297
(1993), discountenanced the filing of a motion for summary judgment to test the legal sufficiency of a complaint and characterized language in Boucher to the contrary as `anomalous,' CT Page 12936 a more recent appellate opinion, by a panel which included two of the three judges who issued Burke, has restated that a motion for summary judgment is a proper procedural vehicle to test the legal sufficiency of a complaint. See Drahan v. Board of Education,42 Conn. App. 480, 498 n. 17, 680 A.2d 316, cert. denied,239 Conn. 921, 682 A.2d 1000 (1996). While a litigant should not be put out of court on a motion for summary judgment because of pleading deficiencies; Gunther v. Maryland Casualty Co., Superior Court, Judicial District of Fairfield, No. 310959 (January 25, 1996);Merrill Lynch Equity Access v. Cooper, Superior Court, Judicial District of Fairfield, No. 22898 (February 20, 1996); it would truly be `anomalous' to permit a litigant to [go to trial on or] recover on a cause of action which did not exist where that anomaly could be corrected by a pretrial motion." Crosby v.Bridgeport Radiology, Superior Court, judicial district of Fairfield, No. CV93 306998 (Feb. 21, 1997), footnote 3. In such circumstances, however, the motion for summary judgment is treated "as if it were properly presented as a motion to strike." (Footnote omitted.) Aetna Casualty Surety Co. v. Jones, supra,220 Conn. 293.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted. . . In an appeal from a judgment granting a motion to strike, we operate in accordance with well established principles. . . [W]e must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Peter-Michael, Inc. v. Sea Shell Associates,244 Conn. 269, 270, 709 A.2d 558 (1998).
Taking the allegations of the complaint as true and construing them in the manner most favorable to sustaining the complaint's legal sufficiency, there is no cause of action alleged against Rivera. The only mention of him is the allegation that he leased the car from E-Z Auto Rental, Inc. There is no allegation that he operated the car. The operator simply is referred to as "the operator."[2] There is no suggestion in the complaint that Rivera was the operator, and this court may not seek beyond the complaint for facts not alleged. Robert S. Weiss Associates, Inc. v. Wiederlight, 208 Conn. 525, 536-37,546 A.2d 216 (1988); Cavallo v. Derby Savings Bank, 188 Conn. 281,285-86 (1982); Holler v. Buckley Broadcasting Corporation, CT Page 1293747 Conn. App. 764, 769, 706 A.2d 1379 (1998). Nor is there any statutory basis for imposing liability upon Rivera simply by virtue of his status as the lessee of the motor vehicle, nor any presumption that he was the operator by virtue of his being the lessee of the vehicle. See, e.g., General Statutes §§ 14-154a,52-182, 52-183.
Treating the motion for summary judgment as a motion tostrike, the motion is granted.
BY THE COURT
Bruce L. LevinJudge of the Superior Court