[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, Shogo Takeyama and Yuriko Takeyama, filed a four-count complaint against the defendants, Turner Painting Service, Inc. (Turner Painting) and Juan Benites. This action arises out of a motor vehicle accident that occurred on January 2, 1996, in Westport. Shogo Takeyama was operating and Yuriko Takeyama was a passenger in a motor vehicle that was struck by a vehicle operated by Benites and owned by Turner Painting.
In count one of the complaint, Yuriko Takeyama alleges that Benites operated the Turner Painting vehicle in a careless and negligent manner, causing it to crash into the vehicle driven by CT Page 13436 Takeyama. In the second count, Shogo Takeyama alleges negligence and carelessness on the part of both Turner Painting and Benites. In count three, the Takeyamas allege that Benites deliberately or with reckless disregard operated his motor vehicle in violation of General Statutes §§ 14-218(a), 14-230 and/or 14-222. In count four, the Takeyamas allege that Turner Painting, as the owner of the vehicle driven by Benites, is liable to the Takeyamas for Benites' deliberate disregard or recklessness in the operation of a motor vehicle. In their prayer for relief, the Takeyamas ask for double or treble damages pursuant to General Statutes § 14-295.
Turner Painting filed a motion (#112) to strike count four and the prayer for relief of the Takeyamas' complaint. "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." Peter-Michael, Inc. v.Sea Shell Associates, 244 Conn. 269, 270, 709 A.2d 558 (1998). "A [motion to strike] does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Holler v.Buckley Broadcasting Corp. , 47 Conn. App. 764, 768, 706 A.2d 1379
(1998). In determining the sufficiency of a motion to strike, "the court is limited to the facts alleged in the complaint."Faulkner v. United Technologies Corp. , 240 Conn. 576, 580,693 A.2d 293 (1997). The facts alleged in the complaint must be construed in a light most favorable to the pleader. RKConstructors, Inc. v. Fusco Corp. , 231 Conn. 381, 384,650 A.2d 153 (1994). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp. ,supra, 240 Conn. 580.
A motion to strike is also the proper vehicle to contest the legal sufficiency of a prayer for relief. Practice Book (1998 Rev.) § 10-39; Pamela B. v. Ment, 244 Conn. 296, 325,709 A.2d 1089 (1998). A motion to strike a prayer for relief is properly granted where, "assuming the truth of the allegations in the complaint, the relief sought could not be legally awarded to the plaintiff." Kavarco v. T.J.E., Inc., 2 Conn. App. 294, 298
n. 4, 478 A.2d 257 (1984).
Turner Painting moves to strike count four and the corresponding prayer for relief seeking statutory double or treble damages on the ground that an employer should not be held liable for punitive damages based on the reckless conduct of an CT Page 13437 employee/operator under General Statutes § 14-295. Turner Painting argues that the majority of superior court decisions have held that a motor vehicle owner cannot be held vicariously liable for double or treble damages. The Takeyamas contend that Turner Painting's motion to strike count four must be denied because General Statutes § 52-183 clearly states that an employer/owner can be held vicariously liable for the reckless operation of a vehicle by an employee. Moreover, the Takeyamas argue that pursuant to § 14-295, an employer may be liable for double or treble damages.
Before addressing whether Turner Painting can be vicariously liable for double or treble damages, it is first necessary to address whether the Takeyamas have alleged sufficient facts to state a claim for recklessness in count four. The Takeyamas allege that Benites deliberately or with reckless disregard operated his motor vehicle in violation of General Statutes §§14-218a, 14-230, 14-222. The Takeyamas additionally allege that Turner Painting, as the owner of the vehicle driven by Benites, is liable for Benites' deliberate disregard or recklessness in the operation of a motor vehicle. Recklessness "requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man, and the actor must recognize that his conduct involves a risk substantially greater . . . than that which is necessary to make his conduct negligent." (Internal quotation marks omitted.)Bishop v. Kelly, 206 Conn. 608, 614, 539 A.2d 108 (1988). The allegations in count four sufficiently state a cause of action based on recklessness, and the prayer for relief for double and treble damages is proper with regard to count four.
An employer may not be held vicariously liable for punitive or exemplary damages under Connecticut common law. Gionfriddo v.Rent A Car Systems. Inc., 192 Conn. 280, 288-89, 472 A.2d 306
(1984). "Under Connecticut common law, the terms `exemplary damages' and `punitive damages' are interchangeable labels for damages awarded under certain circumstances to compensate a plaintiff for his expenses of litigation. . . It is well settled, however, that statutory multiple damages awarded pursuant to [§] 14-295, while serving a similar punitive purpose . . . are separate and distinct from common law punitive damages and are awarded in addition thereto in appropriate cases." (Citations omitted.) Caulfield v. Amica Mutual Ins. Co.,31 Conn. App. 781, 786 n. 3, 627 A.2d 466, cert. denied, CT Page 13438227 Conn. 913, 632 A.2d 688 (1993). See also Alaimo v. Royer, 188 Conn. 36,43, 448 A.2d 207 (1992) (trial court's equation of exemplary and statutory damages improper).
The appellate courts have not addressed whether double or treble damages can be imposed vicariously on an employer pursuant to General Statutes §§ 52-183 or 14-295. Rosado v. Choiniere, Superior Court, judicial district of New Haven at Meriden, Docket No. 259352 (February 19, 1998, Levine, J.) (21 CONN. L. RPTR. 313). A split of authority exists in the Superior Court as to whether the owner of a motor vehicle sued pursuant to General Statutes § 52-183 can be held vicariously liable for double or treble damages under General Statutes §14-295. Sullivan v. Scully, Superior Court, judicial district of Waterbury, Docket No. 128536 (March 20, 1998, Espinosa, J.) (21 CONN. L. RPTR. 551). Therefore, "this motion cannot be decided on clear precedent." Rosado v. Choiniere, supra, 313.
Since Connecticut common law opposes imposition of vicarious liability on employers for punitive damages, the issue becomes whether § 14-295 alters the common law rule. Rosalo v.Choinieae, supra, 21 CONN. L. RPTR. 313. "The test for determining whether a statute alters the common law has been expressed as follows: In determining whether or not a statute abrogates or modifies a common-law rule the construction must be strict, and the operation of a statute in derogation of the common law is to be limited to matters clearly brought within its scope. . . A legislative intention not expressed in some appropriate manner has no legal existence." (Citations omitted.)Id., 314.
Pursuant to General Statutes § 14-295, "[i]n any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a, 14-219, 14-222, 14-227a, 14-230, 14-234, 14-237, 14-239
or 14-240a, and that such violation was a substantial factor in causing such injury, death or damage to property." "[Section]14-295 does not contain an express intent to alter the common law rule against imposing vicarious liability on an employer for punitive damages. . ." Rosado v. Choiniere, supra, 21 Conn. L. CT Page 13439 Rptr. 314. Therefore, a "plaintiffs claim for double or treble damages cannot be based solely on a reading of § 14-295. However, the picture changes when § 14-295 is read in conjunction with § 52-183. . ." Id.
Pursuant to General Statutes § 52-183, "[i]n any civil action brought against the owner of a motor vehicle to recover damages for the negligent or reckless operation of the motor vehicle, the operator, if he is other than the owner of the motor vehicle, shall be presumed to be the agent and servant of the owner of the motor vehicle and operating it in the course of his employment. The defendant shall have the burden of rebutting the presumption."
The Supreme Court has held that an owner or lessor of a motor vehicle may be held vicariously liable for exemplary or treble damages pursuant to General Statutes § 14-154a.[1]Gionfriddo v. Rent a Car Systems, Inc., supra, 192 Conn. 290. The court states that since the statute holds owners and lessors liable to the same extent as operators, "the statutory mandate of § 14-154a imposes liability to a significantly greater extent than vicarious liability at common law. . ." Id., 288. "The legislature has determined that the owner or the lessor of a motor vehicle shall be liable to the same extent as the operator would have been liable if he had also been the owner." (Internal quotation marks omitted.) Id., 287. Therefore, the court held that "it is logical to conclude . . . that the damages recoverable under [§] 14-154a include treble damages, whenever treble damages are properly assessed against the operator." Id., 284.
Several superior court cases have emphasized that while the language of General Statutes § 14-154a specifically imposes the same liability on the lessor as upon the operator, §§14-295 and General Statutes § 52-183 do not contain such language. See Gomez v. Mitsubishi Motors Credit of America, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 327864, (June 19, 1996, Ballen, J.) (17 CONN. L. RPTR. 102, 103), and cases cited therein. Moreover, many courts have reasoned "that General Statutes § 52-183 fails to express the specific legislative intent necessary to abrogate the longstanding common law rule prohibiting the vicarious imposition of exemplary damages." (Internal quotation marks omitted.) Vincev. Negron, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 564244, (May 8, 1997, Hale, J.); CT Page 13440 see also Silva v. Arroyo, Superior Court, judicial district of New London, Docket No. 537532 (June 26, 1996, Austin, J.) (17 CONN. L. RPTR. 306, 308) (comparing General Statutes § 52-183
with § 14-154a and holding that § 52-183 contained no language showing a clear legislative intent to abrogate the common law rule); Robinson v. McWeeney, Superior Court, judicial district of New Haven at New Haven, Docket No. 379968 (April 23, 1996, Corradino, J.) (16 CONN. L. RPTR. 514, 515-16) (finding that General Statutes § 14-154a explicitly modified the common law rule concerning the liability of an owner).
On the other hand, some superior court cases have relied uponGionfriddo to determine that double and treble damages are proper under § 52-183. Fusco v. Oliveira, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 568219 (November 25, 1997, Wagner, J.) (21 CONN. L. RPTR. 49, 50). These superior court cases have held that a nonoperator/motor vehicle owner can be vicariously liable for multiple damages in an action arising under § 52-183. Id.; see also Bonitto v. Oppel, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 156855 (July 14, 1997, Karazin, J.) (20 CONN. L. RPTR. 202, 203) (allowing claims for double or treble damages under § 14-295 "against the owner of a motor vehicle or the operator's employer whenever such damages are properly assessed against the operator"); Lockwood v. Gorski, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 133909 (May 6, 1994, Mottolese, J.) (holding that the language of General Statutes § 52-183 raises the presumption that the owner of a vehicle is liable for the reckless operation of the motor vehicle); Tudhope v. J. P. Jarjura Sons, Superior Court, judicial district of Waterbury, Docket No. 098459 (July 23, 1992,Langenbach, J.) (7 CONN. L. RPTR. 132, 132-33) (denying the defendant's motion to strike the plaintiff's claim against the employer/owner for double or treble damages under § 14-295);Waslewski v. Robinson, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 445908 (February 11, 1992, Byrne, J.) (6 CONN. L. RPTR. 138) (holding an owner/nonoperator liable for double or treble damages under General Statutes § 52-183); Courtois v. Carr, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 393665 (December 12, 1991, Corrigan, J.) (5 CONN. L. RPTR. 330) (holding that the operator of a vehicle is presumed to be the agent of its owner and therefore the owner may be vicariously liable for multiple damages under General Statutes § 14-295
for the reckless conduct of the operator). CT Page 13441
Although a split of authority exists in the Superior Court as to whether double or treble damages can be imposed vicariously on an employer pursuant to General Statutes § 14-295, the cases holding that an employer can be held vicariously liable for double or treble damages pursuant to § 14-295 are more persuasive. See Fusco v. Oliveira, supra, 21 CONN. L. RPTR. 50;Bonitto v. Oppel, supra, 20 CONN. L. RPTR. 3102; Lockwood v.Gorski, Superior Court, Docket No. 133909; Tudhope v. J. P.Jarjura Sons, supra, Superior Court, Docket No. 98459;Waslewski v. Robinson, Superior Court, Docket No. 445908;Courtois v. Carr, supra, 5 CONN. L. RPTR. 330. Accordingly, Turner Painting's motion to strike count four as well as the prayer for relief seeking statutory double or treble damages is denied.
So Ordered.
 Dated at Stamford, Connecticut, this 23rd day of November, 1998.
William B. Lewis, Judge