[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
In October, 1996, the plaintiff, Michael Weinshel, filed an eleven-count complaint against the defendants, Capossela, Cohen, Engelson Colman, P.C. and individual shareholders thereof. The action arises out of the plaintiffs former employment with the defendants. Defendant seeks summary judgment on all counts.
The allegations are: plaintiff was a shareholder, member and employee of the defendants. Since about March 1, 1984, the defendant entered into and has operated under an unsigned CT Page 3188 buy-sell agreement which includes a buyout provision in the event a shareholder/member leaves the before normal retirement. On October 13, 1994, plaintiff received notice that his employment was being terminated. At this time, he was a 19 percent shareholder. After demanding payment in accordance with the aforementioned unsigned agreement, which was refused, plaintiff sought a prejudgment remedy in the amount of $600,000. The court,Grogins, J., denied a PJR under decision of July 29, 1996. Temporary injunction and the appointment of a receiver was sought after plaintiff learned that accounts receivable, work in progress, client lists and client files were transferred without consideration to a different entity, Capossela, Cohen, Engelson Colman, L. L. C., or to individual shareholders. The court,Stevens, J, denied the injunction and receiver. (Memorandum of Decision, June 6, 1997).
In the first count, plaintiff alleges that defendants breached the agreement by failing to pay certain buyout benefits to the plaintiff. In the second count, the plaintiff alleges that the defendants intentionally interfered with the plaintiff's business expectancies and the plaintiffs relationships with his clients. In the third count, the plaintiff alleges that the defendant's aforementioned conduct constitutes a violation of the Connecticut Unfair Trade Practices Act, § 42-110a, et seq. (CUTPA). The fourth count alleges that defendants' conduct has interfered with plaintiff's relationship with his clients and that any further interference by defendants will cause the plaintiff irreparable injury for which there is no adequate remedy at law. In the fifth count, the plaintiff alleges that the defendants have willfully violated the certificate of incorporation or exceeded their powers. The sixth count alleges that the defendants have intentionally failed to make payments on obligations as to which plaintiff is a guarantor, with the intention of embarrassing the plaintiff. In the seventh count, the plaintiff alleges that the defendants have neither paid nor accounted to the plaintiff for monies owed. In the eighth count, it is alleged that the entity is the "mere instrumentality" of the personal defendants, used by them to harm him. Count nine has been withdrawn. In the tenth count, plaintiff alleges that the defendants fraudulently transferred the assets of Capossela, Cohen, Engelson Colman, P.C., to Capossela, Cohen, Engelson Colman, L. L. C. or individual shareholders. In the eleventh count, the plaintiff alleges that the defendants breached their fiduciary duty by failing to notify the plaintiff of the transfer of assets. CT Page 3189
The defendants argue that the plaintiff has no valid causes of action, in part based on law of the case. The defendants first argue that they are entitled to summary judgment on counts one and seven on the basis that the decision denying the plaintiff's prejudgment remedy application is the law of the case. Further, they argue, they are entitled to summary judgment since the alleged buy-sell agreement was not in writing, and therefore failed to satisfy the statute of frauds. Plaintiff contends that the ruling on the prejudgment remedy is not controlling because the standard is different than that employed in summary judgment. Moreover, the plaintiff argues that the statute of frauds has been satisfied not only because there is a writing signed by the party charged sufficient to indicate that a contract for the sale of securities has been made, but also since there has been payment and/or part performance by the plaintiff.
The law of the case doctrine "expresses the practice of judges generally to refuse to reopen what has been decided and is not a limitation on their power. . . . A judge should hesitate to change his own rulings in a case and should be even more reluctant to overrule those of another judge. . . ." State v.Arena, 235 Conn. 67, 80, 663 A.2d 972 (1995). "Where a matter has previously been ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstance." (Internal quotation marks omitted.) CFM ofConnecticut v. Chowdhurry, 239 Conn. 375, 404, 685 A.2d 1108
(1996).
"Prejudgment remedy proceedings do not address the merits of the action; they concern only whether and to what extent the plaintiff is entitled to have property of the defendant held in the custody of the law pending adjudication of the merits of that action." (Internal quotation marks omitted.) Tyler v. Schnabel,34 Conn. App. 216, 219, 641 A.2d 388 (1994). "In considering an application for a prejudgment remedy, [t]he trial court's function is to determine whether there is probable cause to believe that a judgment will be rendered in favor of the plaintiff in a trial on the merits. . . ." Giordano v. Giordano,39 Conn. App. 183, 206, 664 A.2d 1136 (1995). "That evaluation, however, falls far short of an authoritative determination of the merits of those arguments and that evidence, and does not require the trial court . . . to make a full and final decision . . . on CT Page 3190 factually and legally complex issues. . . ." Ayers v. Amato,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 247028 (October 2, 1990, Nigro,.J.). "The hearing in probable cause for the issuance of a prejudgment remedy is not contemplated to be a full scale trial on the merits of the plaintiff's claim." New England Land Co. Ltd. v. DeMarkey,213 Conn. 612, 620, 569 A.2d 1098 (1990).
The denial of the prejudgment remedy included the ground that the evidence presented tended to show that the alleged agreement relied on by plaintiff did not represent an oral agreement between the principals of the corporation, and thus there was no probable cause for the court to issue an attachment against said principals, the defendants. (Memorandum of Decision, July 29, 1996). The court determined that based on the evidence before it, there was no probable cause to issue an attachment but did not foreclose the possibility that plaintiff could establish an enforceable agreement with further evidence. This court therefore denies the defendants' motion for summary judgment as to counts one and seven to the extent it is based on law of the case.
The defendants also pursue summary judgment on counts one and seven because, pursuant to General Statutes § 42a-8-319,[1]
a buy-sell agreement of securities must be in writing and executed by the party against whom enforcement is sought. The defendants further argue that here there is not "some writing" to satisfy the statute of frauds. The plaintiff agrees that, under General Statutes § 42a-8-319, contracts for the sale of securities must be in writing and signed by the party against whom enforcement is sought. However, the plaintiff argues that there is a writing signed by the party to be charged. The plaintiff has submitted with his affidavit stock certificates bearing the legend, "These shares are transferrableonly in accordance with the provisions of a certain agreement between all of the shareholders on record with the corporation." (Memorandum in Opposition: Plaintiff's Affidavit, Exhibit A). The plaintiff has also submitted a supplemental affidavit including various exhibits, with Exhibit I representing an agreement between the shareholders of the professional corporation effective June 1, 1992. The plaintiff has raised a genuine issue of material fact as to whether there is a writing which satisfies the statute of frauds. Accordingly, the court denies the defendants' motion for summary judgment as to counts one and seven on this additional ground as well. CT Page 3191
The defendants next argue that they are entitled to summary judgment with respect to counts five, eight, ten and eleven on the basis that their actions in amending the certificate of incorporation, transferring assets to the limited liability company and adopting a plan of dissolution were already held to be validly ratified by Judge Stevens. Plaintiff contends that the court's denial of a temporary injunction cannot serve as the basis for denying the plaintiff a full hearing on his claims, and that any acts ratified by the stockholders are not valid since they were fraudulent. In Bilik v. Zoning Board of Stamford, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 143335 (September 4, 1996, D'Andrea, J.), the court held that the law of the case doctrine was applicable because the court,Lewis,.J., had previously ruled upon the constitutionality of the amendment at issue[2] in denying the plaintiffs' request for a temporary injunction. On the other hand, in Carothers v.Capozziello, 215 Conn. 82, 110, 574 A.2d 1268 (1990), the judge considering the request for a temporary injunction was never asked to rule upon the scope of the property description contained in the temporary injunction. The court therefore held that the law of the case doctrine was inapplicable because the matter concerning the scope of the property description has not previously been ruled upon interlocutorily. Carothers v.Capozziello, supra, 215 Conn. 110.
Here, Judge Stevens denied the plaintiff's application to enjoin the professional corporation's name change and sale of assets to the limited liability company. The court held that the shareholder's vote to approve the amendment to the certificate of incorporation changing the professional corporation's name, and the sale of the furniture, fixtures and equipment by a three-fourths majority on December 4, 1996 was a valid ratification.[3]
The court recognized that "[a]s a general rule, in the absence of actual fraud, the stockholders may ratify any act or contract . . . of the corporation which they might have authorized in the first instance." (Memorandum of Decision, June 6, 1997, p. 10, citing 19 C.J.S., Corporations § 609). Nevertheless, the court determined that the changes in question were properly ratified.
Although the court, Stevens, J., has already ruled upon the validity of the stockholders' amendment to the professional corporation's certificate of incorporation and the sale of the professional corporation's assets, law of the case doctrine remains inapplicable because it is not clear what issues or CT Page 3192 evidence the court considered in denying the temporary injunction and receiver. Furthermore, the plaintiff has submitted a supplemental affidavit with exhibits which may not have been considered by the court. Cf. Cooley v. CountryPlace Inc., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 085955 (July 10, 1991, Karazin, J.) (where defendant failed to put forward any new evidence by way of affidavit or otherwise, court would adopt the law of the case). Therefore, this court denies the defendants' motion for summary judgment as to counts five, eight, ten and eleven.
Summary judgment is further sought with respect to counts two, three and four because the plaintiff, it is said, has failed to allege valid causes of action. The defendants argue with respect to count two that the plaintiff has failed to set forth a cause of action sounding in tortious interference with business relations because the plaintiff has failed to demonstrate that the defendants, without justification, knowingly interfered with the plaintiff's contractual rights through some improper motive or means constituting fraud, misrepresentation by intimidation or molestation, or malice. The plaintiff argues that he has set forth a valid cause of action sounding in tortious interference because the defendants allegedly interfered with the plaintiff's clients with malicious intent.[4]
"The necessary elements of a cause of action in tortious interference with business relations are the existence of a business relationship, an intentional and improper interference with that relationship and a resulting loss of benefits of the relationship. . . . [N]ot every act that disturbs a contract or business expectancy is actionable. . . . A defendant is guilty of tortious interference if he has engaged in improper conduct. . . . [T]he plaintiff [is required] to plead and prove at least some improper motive or improper means." (Citations omitted; internal quotation marks omitted.) Holler v. BuckleyBroadcasting Corp., 47 Conn. App. 764, 768-69, 706 A.2d 1379
(1998); see also Larsen Chelsea Realty Co. v. Larsen,232 Conn. 480, 502 n. 24, 656 A.2d 1009 (1995).
The plaintiff alleges that the defendants knew or should have known that the plaintiff's personal clients would continue to use his services at his new place of employment and that many clients so advised the defendants and moved their files from the defendant's office to the plaintiff's new office. The plaintiff also alleges that "the defendants further intentionally CT Page 3193 interfered with the plaintiff's relationship with his clients by billing plaintiff's clients outside of their normal and agreed upon billing cycles causing disruption of the accountant-client relationship. " (Second Amended Complaint, Count II, ¶ 5). Plaintiff has adequately alleged improper means or motive. Accordingly, the court denies the defendant's motion for summary judgment as to count two.
The defendants contend that summary judgment must be granted as to count three because the plaintiff's CUTPA claim is predicated upon an invalid count two. Plaintiff urges that since his cause of action sounding in tortious interference is valid, it follows that a cause of action alleging a violation of CUTPA for tortious interference must also survive. Pursuant to General Statutes § 42-110(a), a plaintiff must suffer an ascertainable loss of money or property in order to plead a CUTPA violation. The plaintiff has alleged that the defendants intentionally interfered with the plaintiff's expectation of profits with respect to his personal clients and has also alleged that the defendant's aforementioned actions were immoral, oppressive and unscrupulous and caused substantial injury. The plaintiff therefore has alleged sufficient facts to state a claim for CUTPA. Accordingly, the court denies the defendants' motion for summary judgment as to count three.
The defendants argue that they are entitled to summary judgment with respect to count four because irreparable harm is not a cause of action. The plaintiff argues that alternative and inconsistent pleading is permitted under Connecticut law. Irreparable harm is not an independent cause of action and therefore the plaintiff cannot, as a matter of law, recover under count four. Accordingly, the court grants the defendants motion for summary judgment as to count four.
Finally, the defendants contend that summary judgment should be granted as to count six because the plaintiff has failed to state a cause of action. The plaintiff contends that a genuine issue of material fact exists because he has alleged that the defendants failure to pay certain obligations was intended to harm him and the defendants denied that intent. The plaintiff has stated no cause of action in count six.[5] With no underlying claim, there can be no question of material fact and the plaintiff cannot recover. Therefore, the court grants the defendants' motion for summary judgment as to count six. CT Page 3194
The court grants the defendants' motion for summary judgment as to counts four and six, and denies summary judgment as to counts one, two, three, five, seven, eight, nine, ten and eleven.
NADEAU, J.