[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, Chicago Title Insurance Company (Chicago Title), has filed a motion (#102) to strike the revised complaint filed by the plaintiff, National Loan Investors, L.P. The background of this controversy is summarized in New EnglandSavings Bank v. Meadow Lakes Realty Co., 243 Conn. 601,706 A.2d 465 (1998). The defendant issued a mortgagee title insurance policy in 1988 to New England Savings Bank. This bank commenced a foreclosure action against its mortgagor in 1991, but thereafter became insolvent. The plaintiff, as assignee, is currently the insured under this title policy.[1]
The revised complaint dated October 16, 1998 alleges that judgment in the foreclosure action entered in 1994, and in connection with that action, a corporation known as "McDonald-Sharpe" claimed that its mechanic's lien was prior in right to the mortgage. As noted in New England Savings Bank v.Meadow Lakes Realty Co., supra, 243 Conn. 610, the mechanic's lien was declared invalid in 1998 "because it purports to cover rendered before Meadow Lakes acquired title to either the front or rear parcels."
The plaintiff claims that as the holder of the defendants title insurance policy it has been damaged because the defendant should have settled the controversy regarding the mechanic's lien or substituted a bond rather than letting some seven years expire before a final decision was rendered in 1998. The plaintiff further alleges that the value of its interest in the subject premises, 97 acres on Chesterfield Road in East Lyme, had been severely diminished because when title ultimately vested in June, 1998, it was responsible for unpaid real estate taxes in the approximate amount of $145,000, whereas the claim for a mechanic's lien by McDonald-Sharpe was approximately $125,000.
The basis for the plaintiff's cause of action is alleged to be section 3(c) of the title policy issued by the defendant which CT Page 3394 reads: "The Company shall have the right at its own cost to institute and without undue delay prosecute any action or proceeding or to do any other act which in its opinion may be necessary or desirable to establish the title to the estate or interest or the lien of the insured mortgage, as insured, and the Company may take any appropriate action under the terms of this policy, whether or not it shall be liable thereunder, and shall not concede liability or waive any provision of this policy."
The plaintiff claims that the defendant is guilty of "undue delay" and should have settled the case or substituted a bond so that it could exert ownership over the subject premises and not be burdened by the accruing real estate taxes.
The defendants motion to strike the revised complaint contends that the complaint fails to state a cause of action against it because the defendant did not owe any duty to the plaintiff to settle the case or bond the lien based on the working of its title policy. "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted."Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "A [motion to strike] does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Holler v. Buckley Broadcasting Corp.,47 Conn. App. 764, 768, 706 A.2d 1379 (1998). In determining the sufficiency of a motion to strike, "the court is limited to the facts alleged in the complaint." Faulkner v. United Technologies Corp.,240 Conn. 576, 580, 693 A.2d 293 (1997). The facts alleged in the complaint must be construed in a light most favorable to the pleader. RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381,384, 650 A.2d 153 (1994). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., Id., 580.
The court agrees with the defendant that it did not have any contractual obligation under section 3(c) of its policy to settle the case or bond off the lien. It had a clear and unambiguous obligation to defend the claim of a superior lien by McDonald-Sharpe. This lien, as noted previously, was ultimately discharged and priority of title upheld in the defendants insured. See also section 3(d) of the policy which provides that: "Whenever the Company shall have brought any action or interposed a defense as required or permitted by the provision of CT Page 3395 the policy, the Company may pursue such litigation to final determination by a court of competent jurisdiction and expressly reserved the right, in its sole discretion, to appeal from any adverse judgment or order."
Thus, the plaintiff has failed to state a valid and legally cognizable cause of action and the motion to strike is granted.
So Ordered.
Dated at Stamford, Connecticut, this 24th day of March, 1999.
William B. Lewis, Judge