[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant has moved to strike the plaintiffs' complaint. Because the plaintiffs are proceeding pro se and in apparent good faith, the court will eschew legal platitudes and speak colloquially.
The purpose of a motion to strike is to contest the legal sufficiency of the facts alleged in the complaint to state a legal claim for which the plaintiffs may obtain the relief they seek. In deciding whether the complaint is "legally sufficient," the court is limited to the facts alleged in the complaint. "A motion to strike admits all facts well pleaded; it does not admitlegal conclusions or the truth or accuracy of Opinions stated inthe pleadings." (Emphasis added.) Holler v. Buckley BroadcastingCorp., 47 Conn. App. 764, 768, 706 A.2d 1379 (1998).
The court is aware from the oral argument on February 28, 2000, that the plaintiffs claim that they a note and mortgage held by CT Page 4049 the defendant and complain that the defendant fails to send them tax assessment notices. Because of this failure, the plaintiffs allege, they were unable to timely appeal the assessment of the property in years past.
The basis of the defendant's motion to strike is that the complaint does not set forth facts that give rise to a duty from the defendant to the plaintiffs to supply tax assessment notices.[1] The defendant is only liable for failure to provide the plaintiffs with assessment notices if the defendant owed the plaintiffs a duty to do. See, e.g., Maffucci v. Royal Park Ltd.Partnership, 243 Conn. 552, 567, 707 A.2d 781 (1998); Zamstein v.Marvasti, 240 Conn. 549, 558, 692 A.2d 781 (1997); Santopietro v.New Haven, 239 Conn. 207, 226, 682 A.2d 106 (1996); Waters v.Autuori, 236 Conn. 820, 826, 676 A.2d 357 (1996).
At this juncture, the defendant is correct. The complaint says too much, and it also says too little. On the one hand, the complaint runs to prolixity, even obscurity. On the other, the Practice Book, which governs matters of pleading and procedure in this court, provides that the complaint "shall contain a concise statement of the facts constituting the cause of action. . . ." Practice Book § 10-20; see also Practice Book § 10-1.[2] The plaintiffs' failure to plead a plain and concise statement of the material facts on which they rely hampers the court's ability to ferret out what those material facts are.
This failure, however, would merely be a matter of inconvenience had the plaintiffs indeed pleaded facts giving rise to a duty by the defendant to provide them with assessment notices. However, they have not. Duty may sometimes derive from several sources. See, e.g., Burns v. Board of Education,228 Conn. 640, 646, 638 A.2d 1 (1994). If the plaintiffs claim that the defendant's duty derived from the mortgage or note, they have neither alleged this nor cited the language of the document giving rise to the duty. If the plaintiffs claim that the duty derived from a statute, they have not identified it. See Practice Book § 10-3(a).[3] Nor are there other circumstances alleged from which the court may find a duty owing by the defendant to apprise the plaintiffs of assessment notices. The law does not recognize a "duty in the air." Waters v. Autuori, supra,236 Conn. 826.
As for the plaintiffs' characterization of the defendant as a "fiduciary," this is a legal conclusion without supporting facts CT Page 4050 or authority. Generally, there exists no fiduciary relationship merely by virtue of a borrower-lender relationship between a bank and its customer. Southbridge Associates v. Garofalo,53 Conn. App. 11, 18, 728 A.2d 1114, cert. denied, 249 Conn. 919,733 A.2d 229 (1999). "No per se fiduciary relationship exists by virtue of the borrower-lender relationship between a bank and a customer . . . without exceptional circumstances that would establish the existence of a confidential relationship. " Krondesv. Norwalk Savings Society, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 288829 (April 3, 1995, Cocco,J.), quoting Torke v. FDIC, 761 F. Sup. 754, 757 (D. Colo. 1991);People's Bank v. Mandel, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 290831 (October 13, 1992,Stodolink, J.); Bristol Savings v. Miller's Chevrolet, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 703524 (April 27, 1993, Satter, S.T.R.) (8 CSCR 503). "A fiduciary relationship may arise where there is a long history of dealings between the plaintiff and the bank, and where the bank acts as the plaintiff's financial advisor . . . or where the bank gains the confidence of the borrower and purports to act or advise with the borrower's interest in mind." (Citations omitted.) Krondes v. Norwalk Savings Society, supra, Superior Court, Docket No. 288829. The plaintiffs have not alleged exceptional circumstances beyond the normal mortgagor/mortgagee relationship. They have not alleged facts establishing that the parties' relationship was characterized "by a unique degree of trust and confidence," which is the hallmark of a fiduciary relationship. See Dunham v. Dunham, 204 Conn. 303, 322,528 A.2d 1123 (1987).
For these reasons, the defendant's motion to strike is granted.
BY THE COURT
Bruce L. LevinJudge of the Superior Court