[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Before the court is the plaintiffs' motion to strike the defendants' counterclaim. On June 7, 2001, the plaintiffs filed a three count amended complaint. As to the first count, the plaintiffs seek a declaratory judgment determining that a certain agreement the plaintiffs have with the defendants be construed to limit the number of condominiums the defendants can build. On May 15, 2002, the defendants filed an answer containing special defenses and a counterclaim. On July 12, 2002, the plaintiffs filed a motion to strike the defendants' counterclaim and a supporting memorandum of law. On July 23, 2002, the defendants filed a memorandum in opposition to the plaintiffs' motion to strike.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "The court must construe the facts in the complaint most favorably to the plaintiff" (Internal quotation marks omitted.)Faulkner v. United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293
(1997). "[A] counterclaim is a cause of action existing in favor of the defendant against the plaintiff and on which the defendant might have secured affirmative relief had he sued the plaintiff in a separate action. . . . A motion to strike tests the legal sufficiency of a cause of action and may properly be used to challenge the sufficiency of a counterclaim." (Citations omitted; internal quotation marks omitted.)Fairfield Lease Corp. v. Romano's Auto Service, 4 Conn. App. 495, 496,495 A.2d 286 (1985).
The plaintiffs move to strike the defendants' counterclaim on the ground that the defendants have not sufficiently alleged a cause of action sounding in interference with business relationships or business expectancies. "Connecticut has long recognized a cause of action for tortious interference with business relations. . . . The necessary elements of a cause of action in tortious interference with business CT Page 11527 relations are the existence of a business relationship, an intentional and improper interference with that relationship and a resulting loss of benefits of the relationship. . . . A plaintiff states an actionable cause [for tortious interference with a contract] by alleging that the defendant intentionally interfered with a business or contractual relationship of the plaintiff and that the plaintiff, as a result, has suffered an actual loss." (Citations omitted; internal quotation marks omitted.) Holler v. Buckley Broadcasting Corp., 47 Conn. App. 764,768-69, 706 A.2d 1379 (1998); see also Blake v. Levy, 191 Conn. 257,263, 464 A.2d 52 (1983) ("In suits for vexatious litigation [and tortious interference with business relationships], it is recognized to be sound policy to require the plaintiff to allege that prior litigation terminated in his favor. This requirement serves to discourage unfounded litigation without impairing the presentation of honest but uncertain causes of action to the courts.").
The Supreme Court has "held that a claim for vexatious litigation requires a plaintiff to allege that the previous lawsuit was initiated maliciously, without probable cause, and terminated in the plaintiff's favor. . . . In suits for vexatious litigation, it is recognized to be sound policy to require the plaintiff to allege that prior litigation terminated in his favor. This requirement serves to discourage unfounded litigation without impairing the presentation of honest but uncertain causes of action to the courts. . . . The requirement furthermore serves the interest of finality of judicial decisions, by preventing a person who was unsuccessful in the original proceeding from relitigating the same issues in a subsequent action for vexatious litigation. . . . The same requirement applies to a claim for tortious interference with a business relationship arising out of previous litigation." (Citations omitted; internal quotation marks omitted.) Zeller v. Consolini,235 Conn. 417, 424, 666 A.2d 64 (1995).
In the present case, the defendants' counterclaim sounds in tortious interference with business relationships or business expectancies and contractual relations. It is clear from the defendants' allegations that this cause of action is based on the plaintiffs' present action for declaratory judgment. The defendants have not alleged, as they cannot, that the declaratory judgment action brought by the plaintiffs has terminated in their favor. Because a cause of action sounding in tortious interference with business relations based on prior litigation must contain an allegation that the prior litigation terminated in the favor of the party initiating the action, the defendants' counterclaim fails to sufficiently allege a cause of action for tortious interference with business relations. CT Page 11528
In an attempt to save the counterclaim, the defendants argue that it sufficiently alleges a cause of action sounding in abuse of process. "An action for abuse of process lies against any person using a legal process against another in an improper manner or to accomplish a purpose for which it was not designed. . . . Because the tort arises out of the accomplishment of a result that could not be achieved by the proper and successful use of process, the Restatement Second (1977) of Torts, § 682, emphasizes that the gravamen of the action for abuse of process is the use of a legal process . . . against another primarily to accomplish a purpose for which it is not designed. . . . Comment b to § 682 explains that the addition of primarily is meant to exclude liability when the process is used for the purpose for which it is intended, but there is an incidental motive of spite or an ulterior purpose of benefit to the defendant." (Citations omitted; emphasis in original; internal quotation marks omitted.) Suffield Development Associates, L.P. v.National Loan Investors, L.P., 260 Conn. 766, 772-73, ___ A.2d ___
(2002). Here, the complaint fails to allege misconduct intended to cause injury that is outside the normal contemplation of private litigation. The defendants' counterclaim does not allege any facts that could establish that the plaintiffs used the process of declaratory judgment in an improper manner or to accomplish a purpose for which it was not designed. Accordingly, the counterclaim fails to sufficiently allege an abuse of process cause of action.
Accordingly, the defendants have failed to sufficiently allege a cause of action. The plaintiffs' motion to strike the defendants' counterclaim is granted.
Comerford, J. CT Page 11529